# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2704
_____

United States of America

*Plaintiff - Appellee*

v.

Herbert Duret

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 3, 2026
Filed: March 6, 2026
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Herbert Duret appeals after the district court[1] revoked his supervised release based on multiple violations of his conditions of release. He argues that the district

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

court lacked jurisdiction to consider a new law violation and violated his right to confrontation by relying on unreliable hearsay testimony to prove that violation.

After carefully reviewing the record and the parties' arguments, we conclude that the district court did not lack authority to decide the new law violation. See Fed. R. Crim. P. 32.1(b)(1)(C); United States v. Pardue, 363 F.3d 695, 697 (8th Cir. 2004) (reviewing interpretation of Rule 32.1 de novo); United States v. Pearson, 787 Fed. Appx. 511, 514-15 (10th Cir. 2019) (unpublished order). We further conclude that the victim's hearsay statements were reliable because they were sufficiently corroborated, were made while the events were fresh in her memory, and were credible. See United States v. Sutton, 916 F.3d 1134, 1138 (8th Cir. 2019) (reviewing challenge de novo when defendant argues admission of hearsay at revocation hearing violated due-process rights); United States v. Harris, 112 F.4th 624, 627-28 (8th Cir. 2024); United States v. Farmer, 567 F.3d 343, 347-48 (8th Cir. 2009).

Accordingly, we affirm the judgment of the district court.
_____